UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CASE NO. 1:09-CV-56

THE COWTOWN FOUNDATION, INC. and
COREY LEA                                                                                      PLAINTIFFS

v.

STEVE BESHEAR, GOVERNOR
OF THE COMMONWEALTH OF KENTUCKY and
ROGER THOMAS, EXECUTIVE DIRECTOR
OF THE GOVERNOR'S OFFICE OF AGRICULTURAL POLICY        DEFENDANTS

# MEMORANDUM OPINION

This matter comes before the Court upon Defendants' Motion to Dismiss Amended Complaint (DN 37). Plaintiffs have responded (DN 44), and Defendants have replied (DN 47). This matter is now ripe for adjudication. For the reasons that follow, Defendants' Motion is GRANTED.

# BACKGROUND[1]

In January 2008, Plaintiff Corey Lea applied to the Kentucky Agricultural Development Fund for a grant to obtain funding for the development of alternative fuels. The next month, he applied for another grant, this time on behalf of Plaintiff The Cowtown Foundation, Inc. ("Cowtown"), to obtain funding for the identification and education of "Socially Disadvantaged Farmers."

In February 2009, the Governor's Office of Agricultural Policy ("GOAP") met to determine whether Cowtown qualified for the grant money. GOAP denied the grant application

---

[1] For the purposes of this decision, the Court will accept Plaintiffs' factual allegations as true. *See Lawrence v. Chancery Court of Tenn.*, 188 F.3d 687, 691 (6th Cir. 1999).

and told Cowtown the reason for the denial was that Kentucky State University ("KSU") already received funding to assist "Socially Disadvantaged Farmers." In fact, KSU had not received funding for this purpose in the three years prior to Cowtown's application.

In March 2009, GOAP met to determine whether Lea qualified for funding. His application was also denied and the funding was given to another group.

On April 28, 2009, Lea filed a pro se class action complaint on behalf of himself and Cowtown. Defendants moved to dismiss the complaint, arguing that Cowtown had to be represented by counsel and that Lea lacked standing and could not overcome Defendants' sovereign immunity. The Court, on September 28, ordered Lea to retain legal counsel to represent Cowtown. On December 1, counsel entered an appearance on behalf of Lea and Cowtown. Given the appearance of counsel, the Court dismissed without prejudice Defendants' motion to dismiss.

During a telephonic conference on February 28, 2010, the Court granted Plaintiffs' request to file an amended complaint. Plaintiffs did so shortly thereafter. The Amended Complaint alleges a constitutional claim under the Fourteenth Amendment to the U.S. Constitution and a statutory claim under the Equal Credit Opportunity Act, 15 U.S.C. § 1691 *et seq.* ("ECOA"). Both claims are levied against Defendants solely in their official capacities and are premised on Defendants' denial of the two funding applications.

Defendants now move to dismiss this Amended Complaint. Defendants argue that as officials of the Commonwealth of Kentucky they are entitled to sovereign immunity under the Eleventh Amendment. Thus, pursuant to Federal Rule of Civil Procedure 12(b)(1), Plaintiffs' claims must be dismissed for lack of subject matter jurisdiction. Secondarily, if the Court

concludes that it has subject-matter jurisdiction, Defendants argue dismissal is required pursuant to Rule 12(b)(6) because Plaintiffs have failed to state a claim upon which relief can be granted.

## STANDARD

Federal Rule of Civil Procedure 12(b)(1) provides that a party may file a motion asserting "lack of subject-matter jurisdiction." Fed. R. Civ. P. 12(b)(1). "Subject matter jurisdiction is always a threshold determination," *Am. Telecom Co. v. Leb.*, 501 F.3d 534, 537 (6th Cir. 2007) (citing *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 101 (1998)), and "may be raised at any stage in the proceedings," *Schultz v. Gen. R.V. Ctr.*, 512 F.3d 754, 756 (6th Cir. 2008). "A Rule 12(b)(1) motion can either attack the claim of jurisdiction on its face, in which case all allegations of the plaintiff must be considered as true, or it can attack the factual basis for jurisdiction, in which case the trial court must weigh the evidence and the plaintiff bears the burden of proving that jurisdiction exists." *DLX, Inc. v. Kentucky*, 381 F.3d 511, 516 (6th Cir. 2004). "A facial attack on the subject-matter jurisdiction alleged in the complaint questions merely the sufficiency of the pleading." *Gentek Bldg. Prods., Inc. v. Steel Peel Litig.*, 491 F.3d 320, 330 (6th Cir. 2007). "If the court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3); *see also Bauer v. RBX Indus. Inc.*, 368 F.3d 569 (6th Cir. 2004).

## ANALYSIS

The Eleventh Amendment to the U.S. Constitution generally bars suits brought in federal court against a state and its agencies. *Grinter v. Knight*, 532 F.3d 567, 572 (6th Cir. 2008). A suit against a state official in his or her official capacity is considered a suit against the official's office. *Id.* (quoting *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989)). There are

3

essentially three exceptions to this rule: (1) when the state consents to suit; (2) when Congress has abrogated a state's sovereign immunity; and (3) when pursuant to *Ex parte Young*, 209 U.S. 123 (1908), a litigant seeks prospective injunctive or declaratory relief compelling a state official to comply with federal law. *S & M Brands, Inc. v. Cooper*, 527 F.3d 500, 507 (6th Cir. 2008).

Defendants are state officials sued in their official capacities. Therefore, they are entitled to sovereign immunity unless one of the exceptions apply. The first exception does not because Kentucky has not waived its immunity to suit in federal court. *See Rose v. Stephens*, 291 F.3d 917, 925 (6th Cir.2002). With respect to their Fourteenth Amendment claim, Plaintiffs seek to apply the *Ex parte Young* exception. They also argue that the ECOA abrogates Defendants' sovereign immunity.

### A. Fourteenth Amendment Claim

"In determining whether the doctrine of *Ex parte Young* avoids an Eleventh Amendment bar to suit, a court need only conduct a 'straightforward inquiry into whether [the] complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective." *Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261, 296 (1997). Here, along with a prayer for damages, Lea "requests injunctive relief from the Court to prevent further violations by Defendants of her [*sic*] Fourteenth Amendment rights" and asks the Court to "[i]ssue a declaration that the Defendants have violated . . . Plaintiff's Fourteenth Amendment rights continually in its dealings with Plaintiff." The Amended Complaint, however, is based entirely upon two "past acts and not continuing conduct that, if stopped, would provide a remedy to" Defendants. *Gean v. Hattaway*, 330 F.3d 758, 776 (6th Cir. 2003). The Amended Complaint does not reference any chronic problems that would continue absent injunctive relief, unlike

plaintiffs in *League of Women Voters of Ohio v. Brunner*, 548 F.3d 463, 475 (6th Cir. 2008). Plaintiffs do not argue that the application of current rules violate the Constitution, as in *Dubuc v. Michigan Board of Law Examiners*, 342 F.3d 610, 613 (6th Cir. 2003). Plaintiffs also do not explain what "continual dealings" they may have with Defendants.

In sum, the Court finds that Plaintiffs' allegations are based exclusively on past conduct and that their Fourteenth Amendment claim does not fall within the doctrine of *Ex parte Young*.

**B.     ECOA Claim**

The ECOA prohibits "any creditor" from discriminating against "any applicant, with respect to any aspect of a credit transaction . . . on the basis of race." 15 U.S.C. § 1691(a). The statute defines "creditor" as "any person who regularly extends, renews, or continues credit; any person who regularly arranges for the extension, renewal, or continuation of credit; or any assignee of an original creditor who participates in the decision to extend, renew, or continue credit." 15 U.S.C. § 1691a(e). "Person," in turn, is defined as "a natural person, a corporation, *government or governmental subdivision or agency*, trust, estate, partnership, cooperative, or association." 15 U.S.C. § 1691a(f) (emphasis added). Plaintiffs argue that this "plain language" constitutes a "broad waiver of governmental immunity." *Moore v. United States*, 55 F.3d 991, 995 (5th Cir. 1995) (holding Congress intended to waive U.S. immunity in the ECOA).

In order to determine whether Congress has abrogated the State's sovereign immunity, the Court asks two questions: "first, whether Congress has 'unequivocally expresse[d] its intent to abrogate the immunity,' and second, whether Congress has acted 'pursuant to a valid exercise of power.'" *Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 54 (1996) (internal citations omitted). The Court answers both questions in the negative.

5

First, the Court finds that Congress did not unequivocally express its intent to abrogate state sovereign immunity in the ECOA. The only apparent basis for abrogation is the definition of "creditor" as "person" and "person" as including "government or governmental subdivision or agency." While this language could be reasonably interpreted as a reference to States and State agencies, this is not the only possible interpretation. *See Peaslee v. Ill. Student Assistance Comm'n*, No. 08 C 3167, 2008 WL 4833124, at *2 (N.D. Ill. Oct. 27, 2008). For the U.S. Congress to abrogate the States' sovereign immunity, it's intent "must be obvious from 'a clear legislative statement.'" *Seminole Tribe*, 517 U.S. at 55 (citation omitted). The phrase "government or governmental subdivision or agency" in the ECOA could be referring to all governmental entities, state and federal, but it also could be referring only to federal entities. *Contra Moore*, 55 F.3d at 995. The language is not clear; Congress's intent is not obvious.

Second, even if the ECOA provided an unmistakably clear statement of its intent to abrogate, the Court finds that it did not act pursuant to a valid exercise of power. "[I]n order to authorize private individuals to recover money damages against the States, there must be a pattern of discrimination by the States which violates the Fourteenth Amendment, and the remedy imposed by Congress must be congruent and proportional to the targeted violation. *Bd. of Trs. of Univ. of Ala. v. Garrett*, 531 U.S. 356, 374 (2001). When enacting the ECOA, Congress did not document, discuss or reference a pattern of racial discrimination by the States in the extension of credit. Therefore, even if Congress intended the ECOA to abrogate State sovereign immunity, that abrogation would be invalid due to the absence of evidence of a pattern of discrimination by the States.

## CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss Amended Complaint (DN 37) is GRANTED.

An appropriate order shall follow.